Howard M. Garfield (Bar No. 43369)
  hgarfield@hbblaw.com
Omar Parra (Bar No. 303041)
  oparra@hbblaw.com
HAIGHT BROWN & BONESTEEL LLP
Three Embarcadero Center, Suite 200
San Francisco, California 94111
Telephone:  415.546.7500
Facsimile:  415.546.7505

Tyler B. Pensyl (Ohio Bar No. 0080649) (*Admitted Pro Hac Vice*)
  tbpensyl@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43214
Telephone: 614-464-6334
Facsimile: 614-719-5072

Attorneys for Plaintiffs ADG CONCERNS, INC. d/b/a HEALTH CONCERNS and GOODE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| ADG CONCERNS, INC. d/b/a HEALTH CONCERNS, a Washington corporation, and GOODE, INC., a Nevada corporation,<br><br>    Plaintiffs,<br><br> v.<br><br>TSALEVICH LLC,<br><br>    Defendant. | Case 5:18-cv-00818-NC<br><br>**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>**Judge: Nathaniel Cousins** |

Pursuant to this Court's Minute Entry dated August 2, 2018 (Doc. 32) and the August 1, 2018 hearing this Court held on the Motion for Default Judgment filed by Plaintiffs ADG Concerns, Inc. d/b/a Health Concerns ("Health Concerns") and Goode, Inc. ("Goode") (collectively, "Plaintiffs") against Defendant Tsalevich LLC ("Tsalevich"), Plaintiffs move for an award of attorneys' fees as part of this Court's entry of default judgment against Tsalevich. In support of this Motion, Plaintiffs submit the following Memorandum of Points and Authorities, the Declaration of Tyler B. Pensyl, Esq. and supporting exhibits, and the complete files and records in this action.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Under 15 U.S.C. § 1117(a), when a defendant has violated "any right of the registrant of a mark registered in the Patent and Trademark Office," then "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

For the reasons discussed below, Plaintiffs are the prevailing parties in this action and this case is "exceptional" within the meaning of 15 U.S.C. § 1117(a). The attorneys' fees Plaintiffs have incurred litigating this matter are reasonable. Accordingly, this Court should award Plaintiffs its attorneys' fees in the amount of $70,018.00.

### II. LAW AND ARGUMENT

#### A. Plaintiffs are the prevailing parties in this case.

"A party is a prevailing party for purposes of an attorneys' award if it 'achieved a material alteration in the legal relationship of the parties that is judicially sanctioned.'" *Fifty-Six Hope Rd. Music Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078 (9th Cir. 2015) (quoting *Klamath Siskiyou Wildlands Ctr.*, 589 F.3d 1027, 1030 (9th Cir. 2009)). "The material alteration in the legal relationship of the parties must be relief that the would-be prevailing party sought." *Id.*

Here, assuming this Court grants Plaintiffs any of the relief they have sought in their Motion for Default Judgment, Plaintiffs will be the "prevailing parties" and thus eligible to be awarded their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

---

[1] At the August 1 hearing on Plaintiffs' Motion for Default Judgment, this Court stated that no hearing would be held on the present motion. Accordingly, Plaintiffs have not noticed this motion for a hearing before the Court.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES 1

B.     **This case is "exceptional" within the meaning of 15 U.S.C. § 1117(a).**

The Ninth Circuit has held that courts should examine the "totality of the circumstances" to determine whether a case is "exceptional" within the meaning of 15 U.S.C. § 1117(a). *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016). In *SunEarth*, the Ninth Circuit directed courts to consider "nonexclusive factors" set forth in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014), including "(1) the substantive strength of a party's litigating position (considering both the governing law and the facts of the case); (2) the unreasonable manner in which the case was litigated; (3) frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and (4) the need in particular circumstances to advance considerations of compensation and deterrence." *Left Coast Wrestling, LLC v. Dearborn Int'l LLC*, No. 3:17-cv-00466-LAB-NLS, 2018 U.S. Dist. LEXIS 86808, at *27-28 (S.D. Cal. May 23, 2018).

Prior to *SunEarth*, courts within the Ninth Circuit awarded attorneys' fees when a complaint alleged that the defendant had willfully infringed the plaintiffs' trademarks and the court entered a default judgment. *See Mountz, Inc. v. Northeast Indus. Bolting & Torque, LLC*, No. 15-cv-94538-JD (MEJ), 2017 U.S. Dist. LEXIS 28220, at *6 n.2 (N.D. Cal. Jan. 27, 2017) (collecting cases); *Williams-Sonoma, Inc. v. Friendfinder, Inc.*, No. C 06-6572 JSW (MEJ), 2007 U.S. Dist. LEXIS 98118, at *21-22 (N.D. Cal. Dec. 6, 2007). The Ninth Circuit has stated that the new "totality of the circumstances" test for determining whether a case is "exceptional" is less "restrictive" than the standards that courts applied before *SunEarth*. *Arizona Skydiving Holdings, LLC v. Skydive Phoenix, Inc.*, 703 F. App'x 579, 580 (9th Cir. 2017). Following that reasoning, decisions issued after *SunEarth* have consistently found that cases are "exceptional" when a defendant defaulted and declined to appear and defend itself against an action alleging that the defendant willfully infringed the plaintiffs' marks. *See, e.g., Chanel, Inc. v. Stephens*, No. CV 17-6150 FMO (ASx), 2018 U.S. Dist. LEXIS 14923, at *17 (C.D. Cal. Jan. 30, 2018); *BMW of N. Am., LLC v. Arion Euthenia, LLC*, No. CV 17-4969 FMO (JEMx), 2018 U.S. Dist. LEXIS 11718, at *17 (C.D. Cal. Jan. 23, 2018); *Headspace Int'l v. New Gen Agric. Servs.*, No. 2:16-cv-03917-RGK (GJS), 2017 U.S. Dist. LEXIS 170203, at *18 (C.D. Cal. June 19, 2017).

1    Here, Plaintiffs put Tsalevich on notice of its unlawful conduct in November 2017.
2    Tsalevich, however, has continued to engage in its unlawful conduct and sell products that infringe
3    on Plaintiffs' trademarks.  Tsalevich also ignored communications from Plaintiffs' counsel and
4    caused Plaintiffs to expend significant time and money investigating them so they could bring this
5    lawsuit.  Then, despite being served with the Summons and Complaint and receiving and extension
6    of time to respond to the Complaint, Tsalevich refused to appear and defend itself in this matter and
7    has continued to engage in its unlawful conduct.  Plaintiffs have alleged Tsalevich's infringement
8    was willful and malicious (Complaint at ¶¶ 120, 131), and such allegations are deemed true
9    because Tsalevich has defaulted. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696,
10   702 (9th Cir. 2008); *Autodesk, Inc. v. Flores*, No. 10-CV-01917-LHK, 2011 U.S. Dist. LEXIS
11   11687, at *22 (N.D. Cal. Jan. 31, 2011); *Williams-Sonoma, Inc.*, 2007 U.S. Dist. LEXIS 98118, at
12   *21-22. Thus, in line with the foregoing case law, this Court should find that this is an "exceptional"
13   case warranting the award of Plaintiffs' reasonable attorneys' fees.

**C.    The attorneys' fees incurred by Plaintiffs are reasonable.**

15   The amount of reasonable attorneys' fees to be awarded to Plaintiffs is calculated according
16   to the lodestar method.  *Partners for Health & Home, L.P. v. Seung Wee Yang*, 671 F.App'x 475,
17   476 (9th Cir. 2016); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008);
18   *Govino v. Whitepoles LLC*, 2017 U.S. Dist. LEXIS 203547, at *36 (N.D. Cal. Nov. 3, 2017).  Under
19   the lodestar method, the amount of fees is determined by multiplying the number of hours
20   reasonably expended on the litigation times a reasonable hourly rate.  *Camacho*, 523 F.3d at 978.

21   The lodestar figure is "presumptively reasonable."  *Sazerac Co. v. Fetzer Vineyards, Inc.*,
22   2017 U.S. Dist. LEXIS 201909, at *33 (N.D. Cal. Dec. 7, 2017) (citing *Jordan v. Multnomah Cty.*,
23   815 F.2d 1258, 1262 (9th Cir. 1987)).  Once the moving party provides its evidence, "the opposing
24   party has the burden of submitting evidence challenging the accuracy and reasonableness of the
25   hours charged or the facts asserted by the prevailing party."  *Id*. at *34 (citing *Rodriquez v. Barrita,
26   Inc.*, 53 F.Supp.3d 1268, 1280 (N.D. Cal. 2014)).

27   Here, the – presumptively reasonable – lodestar calculation Plaintiffs seek to recover is
28   $70,018.00.  As set forth below, both the hourly rate and number of hours underlying this calculation

are reasonable. Thus, the Court should find that the amount of attorneys' fees Plaintiffs have incurred in this matter is reasonable.

### 1. Plaintiffs' attorneys' hourly rates are reasonable.

To determine whether an hourly rate is reasonable, "the court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation." *Govino*, 2017 U.S. Dist. LEXIS 203547, at *36 (citing *Yufa v. TSI Inc.*, 2014 U.S. Dist. LEXIS 113148 (N.D. Cal. Aug. 14, 2014)). The "relevant community" is the forum in which the district court sits – i.e. the Northern District of California in this case. *Id.*

Courts in the Northern District of California have "recognized that the field of intellectual property law requires specialized knowledge" and have relied on the American Intellectual Property Law Association ("AIPLA") *Report of the Economic Survey* as an authority for determining reasonable attorneys' fees for intellectual property attorneys. *Id.* at *36-37. The *AILPA Report of the Economic Survey 2015* indicates that the average billing rate for an intellectual property attorney in the San Francisco Bay Area is $651/hour with a median rate of $530/hour. *Id.* Several courts have held rates within, or even above, those ranges constitute reasonable hourly rates in intellectual property matters. *See Secalt S.A. v. Wux Shenxi Constr. Mach. Co.*, 668 F.3d 677, 689 (9th Cir. 2012) (rates ranging from $320/hour to $685/hour reasonable in trade dress infringement case); *Sazerac*, 2017 U.S. Dist. LEXIS 201909, at *34 (rate of $756.50/hour reasonable in trademark infringement case when compared to the prevailing rates in the market); *Chanel, Inc. v. Hsiao Yin Fu*, 2017 U.S. Dist. LEXIS 41886, at *15 (N.D. Cal. Mar. 22, 2017) (rates of $325-$500/hour for partners and $325/hour for associate reasonable in trademark infringement case); *Dropbox, Inc. v. Thru Inc.*, 2017 U.S. Dist. LEXIS 33325, at *12-14 (N.D. Cal. Mar. 8, 2017) (rates of up to $900/hour for partners and $420/hour for associates reasonable in trademark infringement case) *Yufa*, 2014 U.S. Dist. LEXIS 113148, at *16 (rate of $500/hour reasonable given that "the average billing rate for IP attorneys in the San Francisco Bay Area was $736.00 per hour with a median rate of $500.00 per hour.").

Here, the rates charged by Plaintiffs' attorney were reasonable. Plaintiffs seek to recover fees charged by four attorneys from Vorys, Sater, Seymour and Pease LLP ("Vorys"): (1) Tyler B.

Pensyl, (2) Daren S. Garcia, (3) Daniel C. Wucherer, and (4) Meredith J. Caplan; and two attorneys from Haight Brown and Bonesteel LLP ("Haight"): (1) Howard M. Garfield and (2) Omar Parra.

- Mr. Pensyl is a partner in the litigation and online seller enforcement groups at Vorys with 12 years of experience litigating complex commercial cases in both federal and state courts. (Pensyl Decl. at ¶ 3.) He specializes in litigating trademark claims against unauthorized online sellers, like Tsalevich. (*Id.*) Mr. Pensyl billed Plaintiffs for 15.2 hours of work at a blended hourly rate of $280/hour and 71.2 hours of work at his standard hourly rate of $400/hour. (*Id*. at ¶ 9.)

- Mr. Garcia is the managing partner of the Vorys Pittsburgh, Pennsylvania office and a member of the litigation and online seller enforcement practice groups. (*Id.* at ¶ 4.) He has been practicing for 16 years, has extensive lead trial experience, and is one of the lead attorneys of the firm's online seller practice group. (*Id.*) Mr. Garcia billed Plaintiffs for 2.1 hours of work at a blended hourly rate of $280/hour and 0.8 hours of work at his standard hourly rate of $495/hour. (*Id*. at ¶ 10.)

- Mr. Wucherer is an associate at Vorys and a member of the technology and intellectual property group and online seller enforcement practice groups. (*Id.* at ¶ 5.) He is a former appellate and district court clerk who specializes in trademark litigation in connection with the illegal sale of manufacturer's products online. (*Id.*) He billed Plaintiffs for 88.9 hours or work at his standard hourly rate of $250/hour. (*Id*. at ¶ 11.)

- Ms. Caplan is an associate at Vorys and a member of the technology and intellectual property group and online seller enforcement practice groups. (*Id.* at ¶ 6.) Her practice focuses on brand protection, product diversion, online seller enforcement, and trademark litigation. (*Id.*) She billed Plaintiffs for 1.1 hours of work at an agreed upon blended hourly rate of $280/hour. (*Id*. at ¶ 12.)

- Mr. Garfield is of counsel at Haight and a member of the professional liability, risk management and insurance law, and employment and labor practice groups. (*Id.* at ¶ 16.) He has been practicing for 50 years and has extensive litigation experience. (*Id.*)

> He billed Plaintiffs for 19.9 hours of work at his standard hourly rate of $450/hour. (*Id*. at ¶ 20.)

- Mr. Parra is an associate at Haight and a member of the construction law, employment and labor, and general liability practice groups who has experience litigating several different types of cases. (*Id.* at ¶ 17.) He billed Plaintiffs for 14.8 hours of work at his standard hourly rate of $325/hour. (*Id*. at ¶ 21.)

In sum, Plaintiffs seek to recover attorneys' fees at the rates of $250-$325/hour for associates and $280-$495/hour for partners. These rates are at or below the standard hourly rate for each attorney, are consistent with each attorney's reputation, experience, and ability, and are reasonable and customary fees for intellectual property litigation. (Pensyl Decl. at ¶ 24-25.) These rates are below both the average and median rates set forth in the *AILPA Report of the Economic Survey 2015*. *Govino*, 2017 U.S. Dist. LEXIS 203547, at *36-37. They are also less than the rates that the Ninth Circuit and Northern District of California have held are reasonable hourly rates in trademark infringement and intellectual property matters. *See Secalt*, 668 F.3d at 689 (rates up to $685/hour reasonable in trade dress infringement case); *Sazerac*, 2017 U.S. Dist. LEXIS 201909, at *34 (rate of $756.50/hour reasonable in trademark infringement case); *Chanel*, 2017 U.S. Dist. LEXIS 41886, at *15 (rates of $325-$500/hour for partners and $325/hour for associate reasonable in trademark infringement case); *Dropbox*, 2017 U.S. Dist. LEXIS 33325, at *12-14 (rates of up to $900/hour for partners and $420/hour for associates reasonable in trademark infringement case) *Yufa*, 2014 U.S. Dist. LEXIS 113148, at *16 (rate of $500/hour reasonable in intellectual property case). Tsalevich has not come forward with any evidence or argument that these rates are unreasonable. Thus, the Court should find that the rates charged by Plaintiffs' attorneys are reasonable.

### 2. The hours expended by Plaintiffs' attorneys are reasonable.

Plaintiffs' attorneys spent 214 hours litigating this matter. (Pensyl Decl. at ¶ 28.) The time Plaintiffs' attorneys spent on this matter relate to the following activities: (1) investigating Tsalevich to obtain identification information and information regarding its business practices; (2) preparing and sending cease and desist letters; (3) preparing a substantial and detailed 298-paragraph complaint asserting nine claims under federal and state law; (4) communicating with

Tsalevich's representatives; (5) reviewing information regarding judicial assignment; (6) preparing court filings; (7) reviewing court filings; (8) communicating with Tsalevich; (9) obtaining entry of default; (10) attending case management conference; (11) researching and preparing a 30-page motion for default judgment and declarations in support of same; (12) investigating and gathering data regarding Tsalevich's sales of products bearing the Health Concerns trademarks and preparing documents related to same; (13) researching issues related to personal jurisdiction and preparing a supplemental brief regarding same; (14) preparing for and attending a hearing on Plaintiffs' motion for default judgment; and (15) reviewing court orders. (Pensyl Decl. at ¶¶ 7, 18.)

Plaintiffs have submitted evidence detailing the time their attorneys spent on this matter. (Pensyl Decl. at ¶¶ 14, 23, Exs. E, H.)  This evidence is supported by statements from their counsel that the time spent was reasonable and necessary to the successful resolution of this case. (*Id*. at ¶ 26-27.)  Tsalevich has not submitted any evidence that the time Plaintiffs' attorneys spent on this matter was unreasonable.  Thus, the Court should find that the amount of time Plaintiffs' attorneys spent on this matter was reasonable. *See Secalt*, 668 F.3d at 689 (finding attorneys' hours were reasonable); *Chanel*, 2017 U.S. Dist. LEXIS 41886, at *15 (attorneys' hours reasonable where attorneys represented that they exercised sound billing judgment and defendant did not present any evidence to the contrary); *Dropbox*, 2017 U.S. Dist. LEXIS 33325, at *15-16 (number of hours expended by plaintiff's attorneys reasonable in trademark infringement case given the stakes of the litigation in which plaintiff's brand identity was at stake).

### 3. The amount of attorneys' fees Plaintiffs seek to recover is reasonable.

In total, from November 1, 2017 to July 31, 2018, Plaintiffs were billed for 214 hours of work on this matter at hourly rates ranging from $250/hour to $495/hour.  (Pensyl Decl. at ¶ 28.) The total amount of attorneys' fees Plaintiffs' were charged was $70,018.00.  (*Id*.)  This lodestar amount of $70,018.00 is presumptively reasonable. *Sazerac Co*, 2017 U.S. Dist. LEXIS 201909, at *33.   Further, Plaintiffs have submitted evidence that the amount of attorneys' fees Plaintiffs incurred is reasonable.  (Pensyl Decl. at ¶¶ 27, 30.)  Tsalevich has not presented any evidence that the amount of attorneys' fees sought is unreasonable.  *See Sazerac Co*, 2017 U.S. Dist. LEXIS

201909, at *34 (opposing party has burden of submitting evidence challenging the reasonableness). Accordingly, the Court should find that the amount of attorneys' fees Plaintiffs seek is reasonable and award Plaintiffs' $70,018.00 in attorneys' fees. *See Secalt*, 668 F.3d at 689 (award of $836,899.99 reasonable in trade dress infringement case); *Dropbox*, 2017 U.S. Dist. LEXIS 33325, at *15-16 ($1,957,535.00 in attorneys' fees reasonable in trademark infringement case where plaintiff's brand identity was at stake); *Ferriss v. Alliance Publ'g, Inc.*, 2016 U.S. Dist. LEXIS 168576, at *36-41 (N.D. Cal. Dec. 6, 2016) (award of $51,522.68 reasonable where plaintiff obtained default judgment in trademark infringement case); *D.light design, Inc. v. Boxin Solar Co., Ltd.*, 2015 U.S. Dist. LEXIS 161062, at *15-17 (N.D. Cal. Dec. 1, 2016) (award of $73,371.25 reasonable where plaintiff obtained default judgment in trademark infringement case);.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that this Court grant Plaintiffs' motion and order Tsalevich to Plaintiffs' reasonable attorneys' fees of $70,018.00.

Dated: August 8, 2018                         VORYS, SATER, SEYMOUR AND PEASE LLP

By:  */s/ Tyler B. Pensyl*
Tyler B. Pensyl
Attorneys for ADG CONCERNS, INC. d/b/a
HEALTH CONCERNS and GOODE, INC.